UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED PARCEL SERVICE, INC.,

    Plaintiff(s),

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 174,

    Defendant(s).

NO. C05-1864P

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. United Parcel Service, Inc.'s Motion for Summary Judgment to Vacate Arbitration Decision

2. Teamster Local 174's Opposition to UPS's Motion for Summary Judgment

3. Teamster Local 174's Motion for Summary Judgment

4. Response by United Parcel Service, Inc. to Local 174's Motion for Summary Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that summary judgment shall be GRANTED for DEFENDANT, and therefore this matter shall be DISMISSED with prejudice.

**Background**

The parties' collective bargaining agreement (CBA) consists of 4 documents: The National Master Agreement, the West Supplement, the JC 28 Rider and the JC 28 Sort Addendum. The latter two agreements cover the operations of Plaintiff United Parcel Service, Inc. ("UPS") in the state of Washington. As a result of negotiations for the 1997 - 2002 National Master Agreement, UPS agreed to create 10,000 new full-time jobs by combining a variety of part-time jobs into full-time positions with their own pay scale and benefits. These came to be known as "22.3/40" jobs. These 22.3/40

**ORD ON MTNS**
**FOR SUMM JMT - 1**

employees would work alongside regular part-time employees and typically would have different managers for each half of their job responsibilities.

In negotiating the JC 28 Rider and Sort Addendum agreements for 2002, the following language was proposed by Defendant, agreed to by Plaintiff, and included in the agreement:

> Coverage for vacation, holidays, or absences for all full-time Article 22.3/40 combination jobs shall be done by part-time employees in seniority order from the extra work sign-up list.

JC Rider, Art. I, § 9(F); Exh. A., p. 208.  Following the finalization of the CBA, Defendant discovered that Plaintiff was not using part-time employees off the extra work sign-up list in seniority order to cover absences of 22.3/40 employees; in fact, they were following their traditional practice of covering the work with employees who were already on shift.  Defendant grieved the practice and it was processed through the CBA grievance procedure to arbitration.

The CBA delimits the arbitrator's authority as follows:

> The authority of the arbitrator shall be specifically limited to the matters submitted to the arbitrator and the arbitrator shall have no authority in any manner to amend, alter, modify or change any provision of this Agreement.

National Master Agreement, Art. 28, § 4; Exh. A, p. 180.

Plaintiff framed the issue to the arbitrator in this manner:

> Did the company violate Article I, Section 9.F of the Joint Council 28 Rider when it did not automatically replace an absent 22.3 employee with a part-time employee on overtime from the extra work sign-up list?

Defendant framed the issue slightly differently:

> Whether the Company violated the collective bargaining agreement when it failed to utilize part-time employees in seniority order from the extra work sign-up list to cover for vacations, holidays, or absences for all full-time Article 22.3/40 combination jobs? Is so, what is the appropriate remedy?

After hearing argument and receiving post-hearing briefing from sides, the arbitrator identified the issue this way:

1   Did the Employer violate Article 1, Section 9 (F) of the Joint Council 28 Rider (JC28 Rider) and the Collective Bargaining Agreement (NMA) when it did not replace absent 22.3/40 employees with part-time employees in seniority order from the extra work sign-up list to cover vacations, holidays or absences of full-time Article 22.3/40 combination jobs whether or not over-time may be required?

   If the Employer is in violation of the agreement, what is the appropriate remedy?

Decision of the Arbitrator; Exh. F, p. 538.

In his own words, the arbitrator ruled that the language of the JC 28 Rider "does not permit the Employer to fill. . . absences or vacancies of Article 22.3/40 employees by two part-time employees. Vacancies must be filled by part-time employees in seniority order from the extra work sign-up list." Id., Conclusion 3; Exh. F, p. 545. The arbitrator's analysis resulted in a two-part ruling:

(1) Answering the question "did the Employer violate Article I, § 9(F)?" in the affirmative; the arbitrator ruled that Plaintiff breached the agreement by failing to replace every absent 22.3/40 employee with a part-time employee in seniority order from the extra work sign-up list (i.e., by acting as though they had the discretion to decide whether to hire off the list or shift the work to already-present employees); and

(2) Answering the question of "what is the appropriate remedy?" by ruling that Plaintiff must provide coverage by utilizing a <u>single</u> part-time employee off the extra work sign-up list (i.e., Plaintiff would not be permitted to fill the vacancies with <u>two</u> part-time employees).

**Discussion**

<u>Standard of Review</u>

Arbitrators' decisions are entitled to a great degree of deference (<u>Pack Concrete v. Cunningham</u>, 866 F.2d 283, 285 (9th Cir. 1989)) and the law in the Ninth Circuit is that they should be upheld if they " 'even arguably construed or appl[ied]' the collective bargaining agreement that governed the employee's relationship with his employer..." <u>Hawaii Teamsters and Allied Workers</u>

**ORD ON MTNS FOR SUMM JMT - 3**

Union, Local 996 v. UPS, 241 F.3d 1177, 1178 (9th Cir. 2001)(citations omitted).  Reviewing courts are not permitted to overturn an arbitrator's decision for errors of law or fact.  Stead Motors v. Automotive Machinists Lodge No.1173, 886 F.2d 1200, 1209 (9th Cir. 1989).  Our inquiry is limited to whether the arbitrator exceeded the scope of his/her contractual authority under the CBA and "whether the arbitrator interpreted the collective bargaining agreement, not whether he did so correctly."  Hawaii Teamsters, 241 F.3d at 1178 (emphasis in original).  If the ruling represents a plausible interpretation of the contract, it must be enforced, even if it is ambiguous.  Stead Motors, 886 F.2d at 1209.

Perhaps even more critical to the analysis of this dispute is the standard of review for the arbitrator's interpretation of the scope of the issues submitted to him.  The Ninth Circuit's formulation of that standard adheres closely to that for the arbitrator's other decisions:

> [A]n arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his interpretation of the collective bargaining agreement. This approach is consistent with well-established principles of federal labor law and is supported by the decisions of those circuits that have considered the issue, each of which has adopted a deferential standard of review.  Pack Concrete, 866 F.2d at 285 (footnote with string citations omitted).

Plaintiff presents four arguments for overturning the arbitrator's ruling; this order will analyze each in turn.

Did the arbitrator fail to decide the issue which was submitted to him?

The arbitrator basically combined the two issue statements submitted by the parties.  His formulation of the issue as a question of whether Plaintiff violated the agreement when it didn't replace absent 22.3/40 workers with workers off of the extra work sign-up list unquestionably encompasses Plaintiff's issue of whether it violated the agreement when it didn't automatically pull replacement workers off the list.  The first part of his ruling (every absent 22.3/40 employee must be replaced by a part-time worker off the list) is a direct response to this question.

**ORD ON MTNS**
**FOR SUMM JMT - 4**

1  Plaintiff did not include the question "if there is a violation, what is the remedy?" in its issue
2  statement, but Defendant did (and the question of remedy is implied in Plaintiff's formulation in any
3  event). The second part of the arbitrator's ruling (i.e., Plaintiff must use a single part-time worker off
4  the list) is his interpretation of the remedy which the contract contemplated; it is not a different issue
5  than the parties submitted.

6  The Court finds that the arbitrator did not fail to decide the issue which the parties submitted
7  to him.

8  <u>Did the arbitrator ignore the parties' agreement?</u>

9  Plaintiff argues that the parties agreed between themselves that an absent 22.3/40 employee
10 could be replaced by two part-time workers and that the arbitrator ignored that agreement in reaching
11 his conclusion. Defendant denies that such an agreement was ever made (Def. Opposition, pp. 4-5),
12 but in any event the burden is on Plaintiff.

13 Plaintiff's argument on this point fails in two regards: first, no evidence is cited that there was
14 such an agreement and second, neither statutory nor case authority is cited for the position that the
15 arbitrator is under any obligation to consider agreements extrinsic to the written contract in reaching
16 his decision.

17 <u>Did the arbitrator ignore the "plain meaning" of the agreement?</u>

18 Plaintiff claims that the term "coverage" had an established meaning in the agreement and in
19 their established practice and that the term did not contemplate "automatic replacement" of an absent
20 employee.

21 There are two problems with this argument. First, Plaintiff claims but never supports the
22 contention that there is an "established meaning" of the word "coverage" within the agreement; there
23 is no citation to a definitions section in the agreement nor citations to other portions of the agreement
24 where the word "coverage" is used as Plaintiff claims it was intended. More importantly, the arbitrator

**ORD ON MTNS**
**FOR SUMM JMT - 5**

1  was completely within his authority to interpret a term of the contract as he saw fit; this Court's job
2  on review is to determine whether he was within the confines of the agreement and the issue as it was
3  framed for him, not whether he interpreted a term of the contract "correctly."  The term is in the
4  contract, the issue of its meaning was squarely before him, and the arbitrator interpreted it to mean
5  "mandatory replacement" in this context.

   Plaintiff has failed to establish that the arbitrator had evidence of any "plain meaning" before him or was bound by such meaning even if evidence of it was before him.

   <u>Did the arbitrator amend or alter the agreement in his ruling?</u>

   Plaintiff's final argument is that, in Conclusion No. 4 of his Decision, the arbitrator improperly modified the agreement by substituting "absence" for "coverage" in his statement "Absences for <u>all</u> full-time Article 22.3/40 jobs <u>shall be done by part-time employees in seniority order from the extra work sign-up list</u>." Decision of the Arbitrator, Exh. F, p. 546.

   As Defendant points out, all the arbitrator did was accurately quote a <u>portion</u> of the disputed section in this part of his conclusion.  The entire sentence reads "*Coverage for vacations, holidays or absences. . . etc.*"  The arbitrator had already quoted the complete section three times previously and there is no real doubt that his intention was to summarize, rather than re-write, the disputed section.

   The Court finds that the arbitrator neither altered nor amended the agreement in his ruling.

   Based on what they characterize as an "unjustified" and "unseemly" attempt by Plaintiff to attack an unfavorable arbitration result, Defendant requests an award of attorney fees and costs for this appeal.  The Court finds that this appeal cannot be unequivocally characterized as having been taken in bad faith – the arbitrator's decision is not without a certain degree of ambiguity, and the final result (while within the arbitrator's scope of authority) appears to have exceeded the expectations of

**ORD ON MTNS**
**FOR SUMM JMT - 6**

both parties (in its formulation of the "single-employee" rule) and therefore could have been expected to provoke an appeal.

**Conclusion**

The arbitrator was acting within the scope of his authority and within the confines of issues as framed by the parties. His decision is solidly based in the parties' collective bargaining agreement and will not be overturned on appeal.

This decision disposes of all the issues before this Court on appeal in this case, and it will be DISMISSED with prejudice in its entirety.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: July _28__, 2006

_/s/ Marsha J. Pechman_
Marsha J. Pechman
U.S. District Judge

ORD ON MTNS
FOR SUMM JMT - 7